NOT FOR PUBLICATION (Doc. Nos. 6, 8, 9, 11)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | :  | |
|---|---|---|
| ANGEL M. PINET, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil No. 08-5678 (RBK / KMW) |
| v. | : | |
| | : | **OPINION** |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon a motion filed by Defendants United States of America and Warden J. Grondolsky ("Defendants") to dismiss the Complaint of Plaintiff Angel M. Pinet for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Complaint alleges a violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq. Liberally construed, the Complaint also alleges a violation of the Fifth Amendment. For the reasons expressed below, the Court will grant Defendants' motion to dismiss.

**I.    BACKGROUND**

Plaintiff Angel Pinet is a federal prisoner currently in the custody of the Federal Bureau of Prisons ("BOP"). On March 24, 2008, he was transferred from the United States Penitentiary in Canaan, Pennsylvania ("USP Canaan") to Federal Correctional Institution Fort Dix ("FCI

1

Dix") in New Jersey. To prepare for Plaintiff's transfer, two USP Canaan correctional officers assigned to the receiving and discharge unit ("R&D") packed Plaintiff's personal property into three boxes and took possession of these boxes for shipping purposes. Upon his arrival at FCI Dix, Plaintiff received two of these boxes, but did not receive the third box, which contained various legal and educational books. Plaintiff promptly complained to FCI Dix personnel. After being given the "run-around" for about a month, Plaintiff was informed by correctional counselors at FCI Dix that he would not be receiving his third box because the contents had been "donated" by personnel at USP Canaan.

Plaintiff filed an administrative tort claim with the BOP seeking property damages of $2,947 and personal injury damages of $2,947 as compensation for his lost property. The Northeast Regional Counsel of the BOP denied Plaintiff's claim on October 24, 2008. Plaintiff then filed a Complaint in this Court alleging a violation of the FTCA. The Complaint also requests a declaration that Plaintiff's constitutional rights have been violated. The Complaint neither separately articulates a constitutional claim nor gives any indication as to the specific rights alleged to be violated. Nonetheless, the Third Circuit instructs district courts to liberally construe pro se complaints. See, e.g., Holley v. Dep't of Veterans Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999) (liberally reading pro se plaintiff's pleadings and applying "the applicable law, irrespective of whether [the litigant] mentioned it by name"). Pursuant to this instruction, the Court reads Plaintiff's Complaint to also assert a Bivens claim based on a violation of Plaintiff's Fifth Amendment right to be free from property deprivations without due process of law.

On July 13, 2009, Defendants filed the instant motion to dismiss for lack of subject matter jurisdiction. Defendants' arguments in support of dismissal address only Plaintiff's

FTCA claim. That being said, Defendants recognize that the Complaint references a constitutional violation. As a result, Defendants have requested that the Court broaden the scope of their motion to encompass any constitutional claims the Court may discern from the Complaint. Because the Court has construed the Complaint as alleging a Fifth Amendment violation and Plaintiff has had been put on notice of the Defendants' request with ample time to respond, the Court will treat Defendants' motion as applying to both of Plaintiff's claims.

## II.     STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a court may dismiss an action for lack of subject matter jurisdiction. The burden of persuasion rests with the plaintiff when subject matter jurisdiction is challenged under Rule 12(b)(1). Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted. With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In making this determination, a court must engage in a two part analysis. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Fowler, 578 F.3d at 210-11. First, the court must separate factual allegations from legal conclusions. Iqbal, 129 S. Ct. at 1949. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Second, the court must determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. Determining plausibility is a "context-specific task" that requires the court to "draw on its judicial experience and common sense." Id. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. See id.

### III.   DISCUSSION

####   A.   FTCA Claim

Defendants argue that the Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity with respect to Plaintiff's FTCA claim.[1]

Sovereign immunity precludes suit against the federal government absent its consent. United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States has waived its sovereign immunity for claims arising out of the tortious acts of federal employees through enactment of the FTCA. See 28 U.S.C. § 2674. The FTCA exempts certain categories of claims from this waiver. See 28 U.S.C. § 2680. One such exception, known as the "detention of good exception," reasserts sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c). The Supreme Court has interpreted the detention of goods exception broadly. For example, the exception applies to the actions of any

---

[1] Defendants also argue that Defendant Grondolsky is not a proper defendant in the FTCA action. The only proper defendant in an FTCA claim is the United States. See Brown v. Kerr, No. 08-6385, 2009 WL 1969155, at *6 n.4 (D.N.J. July 1, 2009) (citing 28 U.S.C. § 1346(b)(1)). Accordingly, the Court will dismiss the FTCA claim against Grondolsky.

law enforcement officer, not just those acting in a customs or excise capacity. Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 228 (2008). Further, the exception is not limited to claims arising from the fact of detention itself, but rather applies to "any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property." Kosak v. United States, 465 U.S. 848, 854 (1984).

The Supreme Court recently held that the detention of goods exception applied, and thus barred suit against the United States, where a prisoner claimed that BOP officers lost his property. Ali, 552 U.S. at 216. The prisoner in Ali, like Plaintiff in this case, claimed that prison officials failed to deliver all of his belongings when he was transferred from one prison to another. Id. The Court held that BOP officers were "other law enforcement officer[s]" for purposes of Section 2680(c), and therefore that the plaintiff's suit was barred by the doctrine of sovereign immunity. Id.

In Ali, the Supreme Court assumed, without deciding, that the prisoner's property was "detained" within the meaning of the exception. 552 U.S. at 218 n.2. Subsequent to Ali, the Third Circuit appears to endorse the proposition that a prisoner's property is detained within the meaning of the FTCA when it is in BOP possession for purposes of a prisoner transfer. See Ikelionwu v. Nash, 324 Fed. Appx. 152, 153 (3d Cir. 2009) (per curiam) (not precedential) (prisoner's claim that BOP misplaced his property during prison transfer barred by detention of goods exception); see also Gibson v. Sadowski, 308 Fed. Appx. 580, 582 (3d Cir. 2009) (per curiam) (not precedential) (prisoner's claim that BOP lost or destroyed various items of his personal property during the period of his incarceration barred by detention of goods exception). A number of district courts have come to the same conclusion. See, e.g., Butler v. United States,

No. 09-147, 2009 WL 3028902, at *3 (D. Minn. Sept. 17, 2009); Daley v. United States, No. 08-261, 2009 WL 1047930, at *4 (D. Ariz. Apr. 20, 2009). Likewise, this Court concludes that Plaintiff's property was detained within the meaning of the detention of goods exception when R&D personnel allegedly lost or improperly disposed of it while it was in their possession.

A liberal reading of Plaintiff's opposition papers suggests the argument that the detention of goods exception does not apply by virtue of the "exception to the exception" codified at 28 U.S.C. § 2680(c)(1). This provision operates to re-waive sovereign immunity where four conditions are met. 28 U.S.C. § 2680(c)(1)-(4). The first condition is that "(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense . . . ."[2] 28 U.S.C. § 2680(c)(1).

In this case, Plaintiff appears to argue that BOP prematurely disposed of his property by misapplication of various BOP directives governing the classification and disposal of abandoned prisoner property. These allegations, even if true, do not support the application of the exception to the detention of goods exception because Plaintiff does not point to any provision of federal law providing for forfeiture that could have been the purpose of the seizure. See Burlison v. United States, 07-2151, 2008 WL 5050105, at *2-3 (W.D. Tenn. Nov. 20, 2008) (claim that government seized property in violation of 50 C.F.R. § 28.41, authorizing the impoundment and disposal of private property abandoned on national wildlife refuges, does not qualify for re-

---

[2] In addition, the exception to the exception requires that "(2) the interest of the claimant was not forfeited; (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law[.]" 28 U.S.C. § 2680(c)(2)-(4).

waiver of immunity under the exception to the detention of goods exception where plaintiffs did not point to a provision of federal law providing for forfeiture).  In other words, the mere fact that BOP personnel may have disposed of Plaintiff's property in an unauthorized manner does not mean that Plaintiff's property was seized for purposes of forfeiture pursuant to federal law.

Plaintiff also argues that sovereign immunity does not apply because Defendants have not established that Plaintiff's claim falls into the FTCA's "discretionary function" exception, codified at 28 U.S.C. § 2680(a).  Pursuant to that provision, sovereign immunity is reasserted for claims "based upon the exercise or performance . . . [of] a discretionary function or duty on the part of a federal . . . employee . . . ."  Id.  In this case, Defendants do not rely on the discretionary function exception, and in light of the Court's conclusion that the detention of goods exception applies, Defendants need not rely on any other exception to establish sovereign immunity.  Thus, Plaintiff's thoughtful arguments on this point are unavailing.  Accordingly, the Court will dismiss Plaintiff's FTCA claim for lack of jurisdiction.

      **B.**     **Fifth Amendment Claim**

As noted, the Complaint also asserts a Bivens claim against the United States and Warden Grondolsky based on an alleged violation of the Fifth Amendment.

As a threshold matter, the Court notes that the United States is immune from Bivens suits.  Hubert v. United States Ambassador to Costa Rica, 316 Fed. Appx. 120, 122 (3d Cir. 2008) (per curiam) (non precedential).  Moreover, it is generally agreed that a Bivens claim may not proceed on a theory of respondeat superior.  See id. ("[R]espondeat superior liability is not an available basis for relief under Bivens."); Hooks v. Schultz, No. 07-5627, 2009 WL 777394, at *9 (D.N.J. Mar. 19, 2009) (observing that the great weight of authority suggests that Bivens

liability may not be based on respondeat superior).  Rather, a <u>Bivens</u> plaintiff must assert some direct action and personal involvement on the part of the defendant; mere supervision of the individual allegedly committing the Constitutional violation is not sufficient.  <u>See, e.g.</u>, <u>Balter v. United States</u>, 172 Fed. Appx. 401, 403 (3d Cir. 2006) (per curiam) (non precedential); <u>Richards v. Pennsylvania</u>, 196 Fed. Appx. 82, 85 (3d Cir. 2006) (per curiam (non precedential).  Here, the Complaint improperly names the United States as a Defendant.  Moreover, it is utterly devoid of allegations that Warden Grondolsky had any knowledge of, participation in, or acquiescence to the circumstances leading up to Plaintiff's property loss.  Accordingly, Plaintiff's <u>Bivens</u> action must be dismissed for failure to state a claim.

     Neither will the Court grant Plaintiff leave to amend his Complaint.  The Supreme Court has made clear that a negligent or intentional deprivation of property does not violate the Due Process Clause where meaningful post-deprivation remedies for the loss are available.  <u>See</u> <u>Tormasi v. Hayman</u>, No. 08-5886, 2009 WL 1687670, at *6 (D.N.J. June 16, 2009) (citing <u>Hudson v. Palmer</u>, 468 U.S. 517, 530-36 (1984); <u>Parratt v. Taylor</u>, 451 U.S. 527, 543-44 (1981), <u>overruled in part on other grounds by</u>, <u>Daniels v. Williams</u>, 474 U.S. 327, 328 (1986)).

     In this case, Plaintiff could have sought relief under the BOP's general administrative remedy procedures, <u>see, e.g.</u>, 28 C.F.R. § 542.10, and did in fact pursue his tort claim administratively pursuant to 28 C.F.R. § 543.30 with the BOP.  The Northeast Regional Office of the BOP considered Plaintiff's FTCA claim in due course.  An investigation by that office revealed that Plaintiff's third box of property was destroyed as abandoned property because Plaintiff did not make the necessary arrangements for it to be mailed from USP Canaan.  Because Plaintiff's loss did not result from BOP negligence, Plaintiff was not offered a settlement.  The

Complaint does not in any way contest the adequacy of the process received, but rather disagrees with the BOP's conclusion as to negligence. Thus, even if the Complaint did name an individual against whom a Bivens claim could be maintained, Plaintiff's due process claim would still fail.[3]

## IV.     CONCLUSION

For the reasons expressed above, the Court will dismiss Plaintiff's Complaint with prejudice. An appropriate Order shall be entered today.


Dated: 2-8-2010                                                                      /s/ Robert B. Kugler
                                                                                     ROBERT B. KUGLER
                                                                                     United States District Judge

---

[3] Plaintiff has filed three motions in response to Defendants' motion to dismiss. The first two request an extension of time to file an opposition brief based on Plaintiff's then-pending motion to appoint pro bono counsel. Plaintiff's motion to appoint pro bono counsel was only very recently denied. Therefore, in the interests of justice, the Court will grant Plaintiff's extension requests and will consider his otherwise untimely filed brief in opposition. Plaintiff's third motion, styled "Motion for Leave to File Nunc Pro Tunc Supplemental Response" requests the Court to "consider" 31 U.S.C. § 3723 in this matter. Title 31 U.S.C. § 3723 authorizes the heads of certain agencies to settle certain tort claims levied against federal officers or employees in amounts not in excess of $1,000. It does not purport to compel any agency to make such a settlement or to create a private cause of action. Accordingly, the Court will deny this motion.