NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANGEL M. PINET, | : |
| | : Civil Action No. 08-5678 (RBK) |
| Plaintiff, | : |
| | : |
| v. | : **OPINION** |
| | : |
| UNITED STATES OF AMERICA, et al., | : |
| | : |
| Defendants. | : |

**KUGLER**, District Judge

Presently before the Court is *pro se* Plaintiff Angel M. Pinet's ("Plaintiff") Motion to Alter or Amend this Court's February 8, 2010 Opinion and Order granting Defendants United States of America and Jeff Grondolsky's (collectively, "Defendants") Motion to Dismiss. (Docket Entry No. 16.) Plaintiff brings his Motion pursuant to Federal Rules of Civil Procedure 60(b)(3), 60(d)(3) and 59(e). Defendants have opposed Plaintiff's motion. For the foregoing reasons, the Court will deny Plaintiff's Motion.

**I. Background and Procedural History**

The facts giving rise to Plaintiff's Complaint are discussed at length in the Court's February 8, 2010 Opinion and will not be re-stated here. (*See* Docket Entry No. 14.) For the purposes of the instant motion, the following facts will suffice. Plaintiff Angel Pinet is a federal prisoner currently in the custody of the Federal Bureau of Prisons ("BOP"). On November 19, 2008, Plaintiff filed a Complaint, alleging a violation of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq.

and a violation of the Fifth Amendment against Defendants. Specifically, Plaintiff alleged that he did not receive one box of his personal property that was to have been transferred with him when he moved from the United States Penitentiary in Canaan, Pennsylvania ("USP Canaan") to Federal Correctional Institution Fort Dix ("FCI Dix") in New Jersey. After complaining to Fort Dix personnel, Plaintiff was informed by correctional counselors that he would not be receiving his third box because the contents had been "donated" by personnel at USP Canaan. Plaintiff then filed the instant Complaint.

On July 13, 2009, Defendants filed a Motion to Dismiss for lack of subject matter jurisdiction. After several extensions of time, Plaintiff filed Opposition to the Motion. Thereafter, the Court dismissed Plaintiff's Complaint with prejudice, finding that though the United States has waived its sovereign immunity for claims arising out of the tortious acts of federal employees through enactment of the FTCA, the FTCA exempts certain categories of claims from this waiver. One such exception, known as the "detention of goods exception," reasserts sovereign immunity for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ." 28 U.S.C. § 2680(c). This Court found that sovereign immunity applied and dismissed Plaintiff's FTCA for lack of subject matter jurisdiction. The Court also dismissed Plaintiff's *Bivens* claim against the United States Defendant because the United States is immune from such suits. Finally, the Court dismissed the *Bivens* claim against Defendant Grondolsky because a *Bivens* claim cannot be based on a theory of *respondeat superior* and the Complaint contains no allegations that Defendant Grondolsky was involved in the property loss. Thereafter, Plaintiff filed the instant motion to amend or alter the judgment pursuant to Federal Rules of Civil Procedure 60(b)(3), 60(d)(3) and 59(e).

## II. Discussion

### A. Legal Standard

FED.R.CIV.P. 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. " "The general purpose of Rule 60(b) ... is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Coltec Industries, Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir.2002), cert. denied, 537 U.S. 947, 123 S.Ct. 411, 154 L.Ed.2d 291 (2002) (quoting *Boughner v. Sec'y of Health, Educ. & Welfare*, 572 F.2d 976, 977 (3d Cir.1978)).

> A motion filed pursuant to Rule 60(b) is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir.1981). Rule 60(b), however, "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.' " *Moolenaar v. Gov't of the Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir.1987). Rather, relief under rule 60(b) is available only under such circumstances that the " 'overriding interest in the finality and repose of judgments may properly be overcome.' " *Harris v. Martin*, 834 F.2d 361, 364 (3d Cir.1987) (quoting *Martinez-McBean v. Gov't of the Virgin Islands*, 562 F.2d 908, 913 (3d Cir.1977)). "The remedy provided by Rule 60(b) is 'extraordinary, and [only] special circumstances may justify

granting relief under it.' " *Moolenaar*, 822 F.2d at 1346 (citations omitted).

*Tischio v. Bontex, Inc.*, 16 F.Supp.2d 511, 533 (D.N.J.1998) (citations omitted).  More specifically, "to prevail under Rule 60(b)(3), a party 'must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.'"  *Simon v. Praxair*, 2010 WL 457610 at *2 (D.N.J. February 05, 2010) (citing *Stridiron v. Stridiron*, 698 F.2d 204, 206-07 (3d Cir.1983)).  "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir.1960) (citations omitted)

FED.R.CIV.P. 60(d)(3) states that a court has the power to "...set aside a judgment for fraud on the court."  The concept of "[f]raud upon the court should ... embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Hobbs v. Pennell*, 2009 WL 1975452 at *3 (D. Del. July 08, 2009) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir.1992) (internal quotation omitted); *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir.2000); *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir.1997); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir.1972)).

FED.R.CIV.P. 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  Generally, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) to correct manifest errors of law or fact upon which the judgment was based; (2) to present newly-discovered or previously unavailable evidence; (3) to prevent manifest injustice; and (4) an intervening change in prevailing law. *See Harsco Corp. v. Zlotnicki*,

779 F.2d 906, 909 (3d Cir.1985)(purpose of motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence), cert. denied, 476 U.S. 1171 (1986); *see also* Local Civil Rule. 7.1(i) ("A brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked shall be filed with the Notice of Motion.")  "To support re-argument, a moving party must show that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." *Assisted Living Associates of Moorestown, L.L.C., v. Moorestown Twp.*, 996 F.Supp. 409, 442 (D.N.J.1998). However, mere disagreement with the district court's decision is inappropriate on a motion for re-argument, and should be raised through the appellate process. *Id.* (citing *Bermingham v. Sony Corp. of America, Inc.*, 820 F.Supp. 834, 859 n.8 (D.N.J.1992), aff'd, 37 F.3d 1485 (3d Cir.1994); *G-69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J.1990)). "The Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." *Assisted Living*, 996 F.Supp. at 442. Accordingly, a district court "has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin, Co. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993).

      As to his Motion pursuant to FED.R.CIV.P. 60(b)(3), Plaintiff makes only vague assertions regarding the Court's reliance on "misleading information" and does not support his assertions with any evidence.  He certainly does not establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case.  Similarly, his Motion pursuant to FED.R.CIV.P. 60(d)(3) also fails, as he again makes vague assertions regarding the Court's "erroneous" findings with regard to Plaintiff's Complaint.  Finally, as to his Motion pursuant to FED.R.CIV.P. 59(e), Plaintiff also fails to meet the requisite standard.

The bulk of Plaintiff's arguments appear to be disagreement with the Court's decision, which as stated above, is inappropriate on a motion for re-argument, and should be raised through the appellate process. Plaintiff certainly has not established that there was any manifest errors of law or fact upon which the judgment was based; that there is newly-discovered or previously unavailable evidence; or that there has been an intervening change in prevailing law. Plaintiff has also failed to establish that his Motion should be granted to prevent manifest injustice.

Therefore, for the aforementioned reasons, Plaintiff's Motion to Alter or Amend the Judgment is hereby denied. An appropriate order follows.

**Dated:** August 27, 2010

                                                s/Robert B. Kugler
                                                **HONORABLE ROBERT B. KUGLER**
                                                **UNITED STATES DISTRICT JUDGE**